COMMONWEALTH FOR THE USE, ETC., *v.* JAMES McCARROLL, ETC.

**Executions—Failure to Levy—Sheriff's Responsibility.**

It must appear by proof that the sheriff had knowledge of property owned by the defendant subject to the execution and on which he could make the levy, or a knowledge of such facts as should cause him to make exertions to find property, before he can be held liable to the plaintiff for failure to levy.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

November 10, 1871.

OPINION BY JUDGE PRYOR:

We perceive no available objection to the instructions given by the court below in this case—as decided by this court in the case of *Bell v. Commonwealth,* 1 J. J. Mar. 553. "It must appear by proof that the sheriff had knowledge of property owned by the defendant subject to the execution, and on which he could make the levy or a knowledge of such facts as should cause him to make exertions to find property." It seems from the evidence in this case that the defendant in the execution was the owner of but little, if any, property, and, although living on a farm where he at times had the control over and possession of some horses, mules, etc., and upon which a crop of tobacco was raised, still there were other persons living on the same farm, and who asserted an ownership of this property and used it in conjunction with the defendant in the execution. The appellant had sold to Sims, his debtor, this farm, and was compelled to take it

back by reason of his inability to pay for it. The fact that others claimed this personal property, upon which appellant insists that the sheriff should have levied the execution, seems to have been known in the neighborhood, and this doubtless induced the sheriff not to make the levy. The instruction given by the court was as favorable to the appellant as it should have been, and in substance made the sheriff liable for failing to levy on this property in the event it belonged to the defendant in the execution, although others living on the same farm were at the time asserting claim to it. The evidence is conflicting upon the question as to who of these parties owned the property, and in such a case this court will not interfere with the verdict of a jury.

Wherefore the judgment of the court below is affirmed.

*Petree & Faulconer, McPherson & Champlin, for appellant.*

*Phelps & Son, for appellee.*